# EXHIBIT A

**DELIVER THESE PAPERS TO YOUR LIABILITY INSURANCE CARRIER IMMEDIATELY. FAILURE TO DO SO MAY RESULT IN LOSS OF COVERAGE.**

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE
*****************************************************

**SHARON GROTKE**
4625 East Overlook Drive
Williamsville, New York 14221

     Plaintiff,         **SUMMONS**

 vs.

**WALMART STORE #2355**
5033 Transit Road
Williamsville, New York 14221

**WALMART INC.**
28 Liberty Street
New York, New York 10005

     Defendants.
*****************************************************

**TO THE ABOVE NAMED DEFENDANTS:**

  **YOU ARE HEREBY SUMMONED** and required to serve upon the plaintiff's attorneys an Answer to the Complaint in this action within twenty (20) days after the service of the Summons, exclusive of the day of service, or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.



The Dietrich Law Firm P.C.
101 John James Audubon Parkway
Buffalo, New York 14228

The basis for the venue designated is the residence of the plaintiff, which is 4625 East Overlook Drive in the Village of Williamsville, the County of Erie and the State of New York.

DATED: September 28, 2021

Yours, etc.

THE DIETRICH LAW FIRM P.C.

Brian R. Wood, Esq.
Attorneys for Plaintiff
101 John James Audubon Parkway
Buffalo, New York 14228
(716) 839-3939

FILED: ERIE COUNTY CLERK 09/30/2021 12:40 PM
NYSCEF DOC. NO. 1
Case 1:21-cv-01310-CCR   Document 1-2   Filed 12/27/21   Page 3 of 9
INDEX NO. 813481/2021
RECEIVED NYSCEF: 09/30/2021

2

2 of 8

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SHARON GROTKE,

                       Plaintiff,

       vs

WALMART STORE #2355 and
WALMART INC.,

                       Defendants.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**

        The plaintiff, above-named, by The Dietrich Law Firm P.C., for her Complaint against the defendants, above-named, alleges upon information and belief:

        1.    At all times herein relevant, the plaintiff Sharon Grotke has been a resident of the County of Erie and the State of New York.

        2.    At all times herein relevant, the defendant Walmart Store #2355 has been duly authorized to conduct business in the State of New York.

        3.    At all times herein relevant, the defendant Walmart Store #2355 was responsible for the actions of its servants, agents, and employees under the doctrine of *Respondeat Superior*.

        4.    At all times herein relevant, the defendant Walmart Inc., commonly known as Walmart Supercenter has been a foreign business corporation duly authorized to conduct business in the State of New York.



The Dietrich Law Firm P.C.
101 John James Audubon Parkway
Buffalo, New York 14228

5. At all times herein relevant, the defendant Walmart Inc. was responsible for the actions of its servants, agents, and employees under the doctrine of *Respondeat Superior*.

6. At all times herein relevant, the defendant Walmart Store #2355 has conducted business at 5033 Transit Road in the Village of Williamsville, the County of Erie and the State of New York and as such, personal jurisdiction is conferred upon this Court pursuant to CPLR 302(a)(1).

7. At all times herein relevant, the defendant Walmart Store #2355 has leased and/or owned and/or controlled and/or managed and/or maintained the premises commonly known as Walmart Supercenter located at 5033 Transit Road in the Village of Williamsville, the County of Erie and the State of New York.

8. At all times herein relevant, the defendant Walmart Inc. has conducted business at 5033 Transit Road in the Village of Williamsville, the County of Erie and the State of New York and as such, personal jurisdiction is conferred upon this Court pursuant to CPLR 302(a)(1).

9. At all times herein relevant, the defendant Walmart Inc. has leased and/or owned and/or controlled and/or managed and/or maintained the premises, commonly known as Walmart Supercenter located at 5033 Transit Road in the Village of Williamsville, the County of Erie and the State of New York.

10. At all times herein relevant, the defendant Walmart Store #2355 was responsible for inspecting and maintaining the property located at 5033

Transit Road in the Village of Williamsville, the County of Erie and the State of New York.

11. At all times herein relevant, the defendant Walmart Inc. was responsible for inspecting and maintaining the property located at 5033 Transit Road in the Village of Williamsville, the County of Erie and the State of New York.

12. On or about April 7, 2019 at approximately 8:30 a.m., the plaintiff Sharon Grotke was a lawful patron on the property commonly known as Walmart Store #2355 located at 5033 Transit Road in the Village of Williamsville, the County of Erie and the State of New York.

13. On or about April 7, 2019 at approximately 8:30 a.m., the plaintiff was caused to fall as a result of an improperly and negligently placed/stored rolled carpet on the ground at or near the restroom entrance of the defendants' property located at 5033 Transit Road in the Village of Williamsville, the County of Erie and the State of New York, and as a result the plaintiff suffered severe, permanent and disabling physical injuries.

14. The fall and resulting injuries described in the paragraphs above occurred solely as a result of the carelessness, recklessness and/or negligence of the defendants their servants, agents, employees and/or others for whom the said defendants are responsible, without any fault attributable in any measure to the plaintiff Sharon Grotke.

15. That the carelessness, recklessness and/or negligence of the defendants included causing, creating and/or contributing to a dangerous condition, failing to provide a safe environment, failing to maintain the premises in

a reasonably safe condition, failing to warn the plaintiff of a dangerous condition, failing to properly inspect said premises and upon information and belief, despite having actual and/or constructive notice of the dangerous condition, failing to correct it and otherwise being careless, reckless and/or negligent.

16. That by reason of the aforesaid, the plaintiff has sustained severe, permanent, disabling physical injuries and pain and suffering and has been unable to perform her normal and customary duties as well as her usual recreation and leisure activities.

17. The limitations on liability set forth in CPLR Article 16 do not apply herein; one or more of the exemptions set forth in CPLR §1602 applies.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF SHARON GROTKE AGAINST THE DEFENDANT WALMART STORE #2355**

18. The plaintiff Sharon Grotke repeats and re-alleges the above paragraphs as if set forth in their entirety herein.

19. The incident described in the paragraphs above occurred as a result of the defendant Walmart Store #2355's negligence and/or recklessness without any negligence attributable in any measure to the plaintiff Sharon Grotke.

20. The defendant Walmart Store #2355 is responsible for the actions of its servants, agents and employees under the doctrine of *Respondeat Superior*.

21. As a result of the negligence and/or recklessness of the Walmart Store #2355 as alleged above, the plaintiff Sharon Grotke was injured and has suffered damages in an amount that exceeds the monetary jurisdictional

4

limits of all lower New York State Courts but does not exceed the monetary jurisdictional limits of the New York State Supreme Court.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF SHARON GROTKE AGAINST THE DEFENDANT WALMART INC.

22. The plaintiff Sharon Grotke repeats and re-alleges the above paragraphs as if set forth in their entirety herein.

23. The incident described in the paragraphs above occurred as a result of the defendant Walmart Inc.'s negligence and/or recklessness without any negligence attributable in any measure to the plaintiff Sharon Grotke.

24. The defendant Walmart Inc. is responsible for the actions of its servants, agents and employees under the doctrine of *Respondeat Superior*.

25. As a result of the negligence and/or recklessness of the defendant Walmart Inc. as alleged above, the plaintiff Sharon Grotke was injured and has suffered damages in an amount that exceeds the monetary jurisdictional limits of all lower New York State Courts but does not exceed the monetary jurisdictional limits of the New York State Supreme Court.

**WHEREFORE,** the plaintiff demands judgment against the defendants, jointly and severally, in all causes of action in an amount which exceeds the monetary jurisdictional limits of all the lower courts but does not exceed the monetary jurisdictional limits of the New York State Supreme Court. The plaintiff demands such other and further relief as the Court may deem just and proper,

5

together with the costs and disbursements of this action.

DATED: September 28, 2021

Yours, etc.

THE DIETRICH LAW FIRM P.C.

By: _____
Brian R. Wood, Esq.
Attorneys for the Plaintiff
101 John James Audubon Parkway
Buffalo, New York 14228
(716) 839-3939

6